QING JIANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Department of Homeland Security, Respondent.

No. 05–6626–ag.

United States Court of Appeals,
Second Circuit.

July 26, 2006.

Stuart Altman, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney, Evan S. Weitz, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Qing Jiang, through counsel, petitions for review of the November 2005 order affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews an IJ's decision when the BIA affirms the decision of the IJ without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the IJ's determination that Jiang failed to establish past persecution, a well-founded fear of persecution, or that it would be more likely than not that he would be tortured if returned to China. The IJ correctly found that the mistreatment suffered by Jiang did not rise to the level of persecution contemplated under the INA. *See Matter of Acosta*, 19 I. & N. Dec. 211, 216, 1985 WL 56042 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"). Jiang testified only that "[h]e hit me and kicked me by the leg." He did not report that he was hit or kicked repeatedly, nor that he was detained. His argument that his treatment at a hospital belies the IJ's finding that his injuries "were not that serious," is unavailing. The record reveals that the outpatient medical record indicates only that he complained of "injuries from striking" and "pain of wound."

Furthermore, the facts alleged by Jiang do not implicate analysis under *Matter of S-P-*, 21 I. & N. Dec. 486, 489, 1996 WL 422990 (BIA 1996). Although Jiang and the other church members were each holding the Bible, Jiang stated that the park caretaker told them they could not hold a meeting in the park without permission from the government and that they had to pay a fee. Jiang testified that when the police officers arrived, they also informed the church members that without permission from the authorities, the meeting was illegal. The police officers ordered them to pay a fee, and hit Jiang after he refused to pay it. The evidence indicates that the police officers viewed the church members as having violated the law when they met as a large group, in a public park, without prior permission, and without paying a fee. The record does not indicate that the police officers intended to persecute the church members simply because they were Christians. Jiang specifically testified that the police officers wanted to arrest him because he interfered with their official duties.

■ Moreover, the record supports the IJ's finding that there was no indication that the authorities continued to look for Jiang. Jiang did not testify that he had knowledge that the authorities continued to pursue him, nor did he provide a letter or affidavit from a family member or other person to allege such information. While

Jiang provided letters from his grandfather and a priest from his church, neither of them state that the police were still looking for Jiang to this day. Additionally, the IJ reasonably found that Jiang's fear of persecution was undermined by the fact that his mother, also a church member, remains in China unharmed. *See Matter of A–E–M*, 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998).

■ Substantial evidence also supports the IJ's adverse credibility determination. The IJ accurately observed that Jiang's testimony was "significantly inconsistent" with statements that he made during his airport interview. While Jiang testified that he was physically mistreated by the police while trying to conduct a Christian service in the park, he told an immigration inspector that he came to the United States because he joined the Tao religion, and went so far as to explain to the immigration inspector that a tenet of the Tao religion is "to help people," and that when he died, he would "go into a rich family." Further, the IJ reasonably discredited Jiang's explanations for why he did not say that he practiced Christianity, that he "did not know what to say," and that the Chinese government is more tolerant of the Tao religion. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005) (emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account). In addition, the record reveals that the airport statement clearly comports with the factors used to evaluate reliability set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004).

Finally, the record also supports the IJ's finding that Jiang failed to establish that it is more likely than not that he would be tortured if returned to China. Jiang failed to provide any evidence that he would be tortured on account of any illegal departure from China, no harm had come to any of the other church members in his underground church, and there was no indication that the authorities continued to pursue him because of his prior confrontation with the police.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).